[No. 17232. Department One. June 26, 1922.]

The State of Washington, *Respondent,* v. T. A. Casto, *Appellant.*[1]

Robbery (8)—Evidence—Sufficiency. It is for the jury to determine whether the evidence warranted a conviction for robbery, rather than extortion, where, pursuant to a plan, a woman entered a soldier's room late at night, whereupon a man entered claiming relationship with the woman, and held a revolver on the soldier, threatened him bodily injury, and received from him a considerable sum of money.

Criminal Law (442)—Appeal—Review—Conclusiveness of Verdict. The credibility of the witnesses is for the jury and the supreme court will not ordinarily interfere with a conviction on such grounds.

Appeal from a judgment of the superior court for Pierce county, Chapman, J., entered November 7, 1921, upon a trial and conviction of robbery. Affirmed.

*A. G. Laffin,* for appellant.

*J. W. Selden* and *Leo Teats,* for respondent.

Bridges, J.—The information in this case charged the defendant with the crime of aiding, counseling and

[1]Reported in 207 Pac. 952.

abetting one Omer D. James and Elizabeth Hixon in the commission of the crime of robbery. The defendant has appealed from a judgment of sentence entered upon the verdict of the jury.

The chief reason assigned here for reversal is that, if the state proved any crime whatsoever, it was that of extortion and not robbery. There was ample testimony from which the jury might have concluded that the three persons named agreed that, at a certain hotel room in Tacoma, Elizabeth Hixon should meet a certain soldier, who they knew had some money on his person, and that, while the soldier and the woman were together in the room, James should appear and pretend to be the brother or husband of the woman, and thereby obtain the money from the soldier. There was ample testimony to show that the appellant was one of the chief instigators of the crime and the moving spirit therein. According to the program, late at night the woman visited the soldier's room in the hotel. She had been there but a few minutes when James, according to prior arrangement, knocked on the door and demanded admittance, and, after some controversy, he was allowed to enter. He thereupon represented himself to be closely related to the woman and abused her for being found in such circumstances, drew a revolver on the soldier and held it close to or against his person, and threatened to do him bodily injury, and at that time received from him a considerable sum of money.

There are in these facts all the elements of robbery. The chief distinction between robbery and extortion is that, to commit the former, the taking must be without the consent of the person robbed, while in extortion the taking is with consent. It does not require any argument or citation of authorities to show that, under the evidence in this case, it was for the jury to determine

whether the money was taken from the soldier by force and under threats and against his consent.

Appellant argues extensively that the evidence was insufficient to sustain the verdict and judgment. He attacks the credibility of the witnesses for the state, contending that their characters and reputations are such as that the jury was not justified in believing them, and that the verdict should have been in accordance with the testimony of his own witnesses, whose characters he extols. The credibility of the witnesses is always for the jury, and this court will not, under ordinary circumstances, interfere with the verdict of the jury on these grounds. A reading of the record convinces us that there was ample testimony upon which the verdict may rest.

One or two other assignments of error are made, but they are without merit. Judgment affirmed.

PARKER, C. J., FULLERTON, MITCHELL, and TOLMAN, JJ., concur.